# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |  |
|---|---|---|
| MATTHEW BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-1990-JAR |
| | ) | |
| ST. CHARLES COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Matthew Burnett (registration no. n/a) for leave to commence this action without payment of the required filing fee. The Court will grant the motion and assess plaintiff an initial partial filing fee of $10.50. In addition, the Court will dismiss this action as to defendant St. Charles County Jail and will instruct the Clerk of Court to cause process to issue as to defendant Aykan Acikgoz in his individual capacity, as more fully set forth below.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $52.50, and an average monthly balance of $38.35. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $10.50, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune

from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint and Supplement

Plaintiff, an inmate at the St. Charles County Department of Corrections, seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983. Named as defendants are the St. Charles County Jail and correctional officer Aykan Acikgoz.

Plaintiff alleges that on July 23, 2013, he was severely beaten by several other inmates, while defendant Acikgoz "just stood there watching with a smile on his face" and "allowed them to continue pummeling [plaintiff]." Plaintiff further alleges that, to cover up his wrongdoing, Acikgoz issued him a false conduct violation, which "put [plaintiff] in disciplinary isolation for 10 days." In addition, plaintiff generally asserts that necessary medical attention was delayed. Plaintiff is suing Acikgoz in both his individual and official capacities.

## Discussion

Having carefully reviewed plaintiff's allegations, the Court will dismiss this action as to defendant St. Charles County Jail, because jails are not suable entities. *See Lair v. Norris*, 32 Fed. Appx. 175, 2002 WL 496779 (8th Cir. 2002); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (§ 1983 suit cannot be brought against state agency), *cert. dismissed*, 529 U.S. 1001 (2000); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (jails are not entities amenable to suit).

In addition, the Court will dismiss this action as to defendant Aykan Acikgoz in his official capacity. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendant Aykan Acikgoz in his official capacity.

With regard to plaintiff's allegations that defendant Acikgoz "stood there watching with a smile on his face" while plaintiff was repeatedly punched and struck in the head and face, the Court finds that the complaint states a Fourteenth Amendment claim of deliberate indifference in failing to intervene and/or protect plaintiff from the assault. As such, the Court will instruct the Clerk to issue process on the complaint relative to this claim against Aykan Acikgoz in his individual capacity.

The Court will dismiss as legally frivolous plaintiff's claim that Acikgoz violated his due process rights when he issued plaintiff a false conduct violation, resulting in ten days of disciplinary segregation. For the Due Process Clause to be implicated, an inmate must be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff's allegations do not indicate that he has suffered this type of atypical and significant hardship, nor do they indicate that he has suffered the type of hardship in which the state might conceivably create a liberty interest. *Cf. id.* at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997) (same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); *Freitas v. Ault*, 109 F.3d 1335, 1337-38 (8th Cir. 1997) (same; ten days administrative segregation and thirty days on "on-call" status, as well as loss of higher paying job and numerous privileges); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; ten days disciplinary detention and 100 days in maximum-security cell); *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996) (same; fifteen days of highest-level disciplinary detention and 107 days of less-restrictive disciplinary detention).

The Court will also dismiss plaintiff's general claims of "negligence and incompetence" on behalf of a "shift supervisor," as well as "the Superior Correctional Officers" for failing to see that he received proper medical attention and was not housed with any of the inmates who had previously attacked him. Mere negligence does not rise to the level of a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (mere negligence is not cognizable as Eighth Amendment violation); *Morton v. Becker*, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment Due Process Clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property). Moreover, supervisors cannot be held vicariously liable under § 1983 for the actions of a subordinate. See *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *see also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

As to plaintiff's motion for appointment of counsel [Doc. #7], "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil

case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.*

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. This case is neither factually nor legally complex. Moreover, it is evident that plaintiff is able to present his claims, because the Court is ordering defendant Acikgoz to respond to plaintiff's Fourteenth Amendment claims. Consequently, the motion shall be denied at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $10.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, as to defendant Aykan Acikgoz in his official capacity, the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915e(2)(B).

**IT IS FURTHER ORDERED** that, as to defendant St. Charles County Jail, the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915e(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's general claims of "negligence and incompetence" against unknown supervisors are **DISMISSED**, without prejudice, as legally frivolous. *See* 28 U.S.C. § 1915e(2)(B).

**IT IS FURTHER ORDERED** that, as to defendant Aykan Acikgoz in his individual capacity, the Clerk shall issue process or cause process to be issued on the complaint relative to plaintiff's Fourteenth Amendment deliberate indifference claims. All other claims against this defendant are legally frivolous and are dismissed, without prejudice. *See* 28 U.S.C. § 1915e(2)(B).

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Aykan Acikgoz in his individual capacity shall reply to plaintiff's

Fourteenth Amendment deliberate indifference claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #7] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 20th Day of March, 2014.

_____
UNITED STATES DISTRICT JUDGE